Jonathan A. Dessaules, State Bar No. 019439
**DESSAULES LAW GROUP**
5353 North 16th Street, Suite 110
Phoenix, Arizona 85016
Tel. 602.274.5400
Fax 602.274.5401
jdessaules@dessauleslaw.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Susan Pearson,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>Sean Cannon and Cannon Law Firm, PLLC,<br><br>　　　　Defendants. | No.<br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)** |

Plaintiff Susan Pearson alleges the following:

**PARTIES AND JURISDICTION**

1. Plaintiff is a resident of Arizona.

2. Defendant Cannon Law Firm, PLLC, is an Arizona law firm regularly engaged as a "debt collector" as that term is defined in the Fair Debt Collection Practices Act.

3. Defendant Sean Cannon is an Arizona resident and practicing lawyer who is regularly acting as a debt collector as that is defined in the Fair Debt Collection Practices Act.

4. This is an action brought pursuant to the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692, *et seq.* At all relevant times, Plaintiff was a "consumer" within the meaning of the Act and Defendants were a "debt collector" within the meaning of the Act.

5. Defendants are present in Arizona and/or caused events to occur and committed actions in Maricopa County, Arizona, which are the subject of this Complaint.

6. Jurisdiction exists pursuant to 28 U.S.C. § 1331.

7. Jurisdiction and venue are proper in this Court.

**GENERAL ALLEGATIONS**

8. Plaintiff at all relevant times has owned property located within the Sierra Ridge Homeowners Association, Inc. ("Sierra Ridge"). Sierra Ridge is a non-profit corporation that is subject to the Arizona Planned Communities Act.

9. Defendants at all times relevant hereto were acting as debt collectors with respect to alleged assessments and other amounts that Plaintiff owed to Sierra Ridge.

**A.  The July 1, 2015 Notice and Claim of Assessment Lien.**

10. On or about July 1, 2015, Defendants recorded and mailed to Plaintiff a Notice and Claim of Assessment Lien at the Maricopa County Recorder's Office (the "Notice"). A true and correct copy of the July 1, 2015 Notice is attached as Exhibit 1.

11. In the Notice, Defendants falsely represented that Plaintiff was delinquent in monthly assessments "in the amount of $4,472.50 for the period up to and including July 1, 2015." The representations in the Notice were false; Plaintiff at all relevant times was current in monthly assessments.

12. Defendants further represented in the Notice that, "THIS LIEN WILL NOT BE RELEASED WITHOUT THE WRITTEN AGREEMENT of the Cannon Law Firm, PLLC and PAYMENT IN FULL OF ALL ATTORNEYS' FEES INCURRED IN COLLECTING ASSESSMENTS." However, upon information and belief, Sierra Ridge's governing documents do not entitle the recovery "in full of all attorneys' fees incurred in collecting assessments."

13. Defendants have refused to release the Notice and Claim of Assessment Lien and it continues to cloud Plaintiff's title.

14. Defendants recorded the Notice, and falsely represented that the alleged amounts owed were assessments, in order to coerce Plaintiff into paying amounts that Plaintiff disputed and that were not owed to Sierra Ridge.

2

15. The amount demanded in Defendants' Notice includes charges that are not authorized under Sierra Ridge's governing documents.

16. The Notice and Claim of Assessment Lien was a cloud on Plaintiff's title until Defendants released it in response to a demand from counsel for Plaintiff.

**B.  The October 23, 2015 Demand Letter.**

17. On or about October 23, 2015, Defendants sent a letter to Plaintiff. A true and correct copy of the October 23, 2015 letter is attached as Exhibit 2.

18. Defendants' October 23, 2015 letter states that Plaintiff's account with Sierra Ridge "now has a balance as of October 23, 2015 in the amount of $8,423.08."

19. Defendants' October 23, 2015 letter contains false, deceptive, and misleading representations concerning the amount and nature of the alleged debt. Specifically, but without limitation, Plaintiff's account with Sierra Ridge is not $8,423.08.

20. Defendants' October 23, 2015 letter falsely and deceptively inflates the amount of the alleged debt to Sierra Ridge as follows:

   a. It has significantly inflated the alleged balance of Plaintiff's account;

   b. To the extent the $8,423.08 amount demanded in the October 23, 2015 letter, Defendants billed for work that was unnecessary, unreasonable, and excessive at rates that were excessive and unreasonable; and

   c. Defendants' October 23, 2015 letter, upon information and belief, includes unadjudicated and unawarded attorneys' fees that are patently excessive and unreasonable.

21. Defendants' October 23, 2015 letter and the accompanying proposed payment plan further misstates the amounts allegedly owed. Despite asserting that the balance owed is $8,423.08, Defendants state that Plaintiff can pay the balance owed by entering into a twenty-four monthly payment plan in which the monthly payments are $377.82 per month.

22. However, the total amount under the payment plan actually would be $9,067.68.

23. Defendants do not explain that, by accepting the proposed payment plan, Plaintiff would actually be paying an extra $644.60.

3

24. Upon information and belief, Defendants had added at least $4,025 to Plaintiff's account in unadjudicated and unawarded attorneys' fees that are excessive and unreasonable.

25. Sierra Ridge's governing documents do not authorize the collection of unawarded, unadjudicated, and unreasonable attorneys' fees from owners such as Plaintiff.

26. Upon information and belief, Defendants have instructed Sierra Ridge to refuse to accept assessment payments from her in violation of Arizona law in order to coerce her to pay all sums that Defendants contend are due and owing, including unawarded attorneys' fees.

27. A comparison of Defendants' demand with Sierra Ridge's records show that Defendants are attempting to collect amounts that are not actually due. According to a statement she received from Sierra Ridge dated January 1, 2016, the alleged balance due was $4,540.02. According to a statement received from Defendants, the alleged balance due is $8,605.02.

28. Plaintiff presently faces an imminent risk of harm that Defendants will attempt to collect the $8,423.08, or more, from Plaintiff. As such, Plaintiff has been injured by virtue of Defendants' unlawful debt collection practices.

## COUNT ONE
## VIOLATION OF 15 U.S.C. § 1692e

29. Plaintiff incorporates all of the above allegations as if set forth fully herein.

30. Congress enacted the FDCPA after a congressional finding of abundant evidence of the use of abusive, deceptive, and unfair debt collection practices on the part of many debt collectors contributed to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of personal privacy. The FDCPA generally prohibits a debt collector from using misleading, deceptive, or false representations in the collection of debts. It further prohibits the use of unfair or unconscionable means to collect debts, including the attempt to collect debts to which the debt collector is not legally entitled to collect.

31. Section 1692e of the FDCPA prohibits a debt collector from using false, deceptive, or misleading representations or means in connection with the collection of any debt.

These false, deceptive, and misleading misrepresentations and means include, but are not limited to, false representations regarding the character, amount, or legal status of any debt and any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

32. As alleged above, Defendants have used false, deceptive, and misleading representations or means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e. Specifically, but without limitation, Defendants have falsely represented the existence, character, and amount of a debt, caused the amount of the alleged debt to increase, and made demands for payments in excess of the amount actually owed.

33. Although Defendants' initial violations of the FDCPA may have been initiated more than one year before the commencement of this action, Defendants' collection actions were ongoing and continuous in nature and have continued through the filing of this Complaint such that Defendants' actions should be considered one continuous violation of the FDCPA. All of Defendants' actions have been taken to collect the same debt and, as such, its actions should constitute an ongoing violation of the FDCPA. Defendants' most recent FDCPA violations was the culmination of past unlawful debt collection practices.

34. Defendants knew or should have known that their communications to Plaintiff, including but not limited those alleged above, contained false, deceptive, and misleading representations or omissions. In each of the communications, Defendants knew or should have known that the amount described as the Sierra Ridge balance was incorrect because it included unadjudicated attorneys' fees, mischaracterized the nature of the debt as "assessments," included amounts that Defendants knew were not owed and were greater than the actual balance due and owing, and demanded the payment of unadjudicated as reasonable, unawarded, and unbilled attorneys' fees.

35. Defendants also engaged in false, deceptive, and misleading representations and means in each of these communications by failing to include the alleged attorneys' fees that they

had paid in ledgers sent to Plaintiff, diverted Plaintiff's assessment payments to unadjudicated and unawarded attorneys' fees without properly applying those payments to Plaintiff's account at Sierra Ridge.

36. Plaintiff is entitled to recover damages pursuant to 15 U.S.C. § 1692k as well as her attorneys' fees and costs incurred pursuing this action.

37. Plaintiff's damages include statutory damages, the payments that should have been applied to her account at Sierra Ridge, the attorneys' fees and costs that she has incurred, her actual damages for the stress, aggravation and anxiety she has suffered, and other damages to which she is entitled by law.

## COUNT TWO
### VIOLATION OF 15 U.S.C. § 1692f

38. Plaintiff incorporates all of the above allegations as if set forth fully herein.

39. Section 1692f of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

40. As alleged above, Defendants have used unfair and unconscionable means to collect an alleged debt in violation of 15 U.S.C. § 1692f for the conduct alleged above. Specifically, but without limitation, Defendants' unfair and unconscionable means include recording a Notice and Claim of Assessment Lien asserting the existence of unpaid assessments when there were no assessments owed, recording a lien in violation of Arizona law for alleged fines and penalties.

41. Plaintiff is entitled to recover damages pursuant to 15 U.S.C. § 1692k as well as her attorneys' fees and costs incurred pursuing this action.

42. Plaintiff's damages include statutory damages, the payments that should have been applied to her account at Sierra Ridge, the attorneys' fees and costs that she has incurred, her actual damages for the stress, aggravation and anxiety she has suffered, and other damages to which she is entitled by law.

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

(A)   Awarding Plaintiff actual damages in an amount proven at trial;

(B)   Awarding Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k(2)(A);

(C)   Awarding Plaintiff her attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(3);

(D)   Awarding Plaintiff pre-judgment and post-judgment; and

(E)   Awarding such other and further relief as the Court deems just and proper.

DATED this 11th day of August 2016.

                                                        DESSAULES LAW GROUP

By:   /s/ Jonathan A. Dessaules
       Jonathan A. Dessaules
       *Attorneys for Plaintiff*