1  Jonathan A. Dessaules, State Bar No. 019439
2  David E. Wood, State Bar No. 021403
   **DESSAULES LAW GROUP**
3  5353 North 16th Street, Suite 110
   Phoenix, Arizona 85016
4  Tel. 602.274.5400
5  Fax 602.274.5401
   jdessaules@dessauleslaw.com
6  dwood@dessauleslaw.com

7
   *Attorneys for Plaintiff/Judgment-Creditor*
8

9            IN THE UNITED STATES DISTRICT COURT

10                    DISTRICT OF ARIZONA

11
   Susan Pearson,
12                                          No. 2:16-cv-02721-DJH
13         Plaintiff/Judgment-Creditor,
                                            **PLAINTIFF'S MOTION FOR AWARD
14    vs.                                   OF ATTORNEY FEES AND COSTS**

15
   Sean Cannon and Cannon Law Firm,
16 PLLC,

17
           Defendants/Judgment-Debtors.
18

19 Maricopa County Sheriff's Office,

20         Garnishee.

21      Plaintiff/Judgment Creditor moves this Court to award her reasonable

22 attorneys' fees and costs as either or both a sanction pursuant to this Court's

23 inherent authority, federal statute at 28 U.S.C. § 1927, and/or Arizona statute at

24 A.R.S. § 12-1580(E). Plaintiff requests this Court award the fees and costs as joint

25 and several between the Defendants/Judgment Debtors Sean Cannon and Cannon

26 Law Firm ("Cannon"), and the objecting party Cambridge Estates Homeowners

1  Association. Because of the actions of Cambridge Estates and Cannon, Plaintiff was
2  required to compile and file lengthy responses with detailed exhibits demonstrating
3  their fraudulent accounting, prepare for a potential evidentiary hearing, and draft
4  and submit discovery demands and subpoenas all to get information that Defendants
5  have been hiding in two other proceedings in efforts to mask that the sought funds
6  by the Judgment Creditor masked as debts to Cambridge Estates. Those materials,
7  attached to this Motion, demonstrate that there were no good faith grounds for the
8  resistance to garnishment and the untrue claims that the sought amount was the
9  property of Cambridge Estates and not Cannon. The supporting materials mandated
10 by Local Rule 54.2(d) are also attached at Exhibit A. Ultimately, when the parties
11 withdrew their objections, they left Plaintiff with the exact amount to garnish that
12 she notified them of on May 23, 2019 and again on May 30, 2019. [Doc. 45, at 1:22-
13 24, 2:8-18; Doc. 47]

14 **I.   PLAINTIFF IS ELIGIBLE FOR AN AWARD OF FEES AND COSTS AS THE PREVAILING PARTY, WHO SUFFERED GREAT EXPENSE THROUGH HARASSING,**
15 **BAD FAITH OBJECTIONS TO GARNISHMENT.**

16     On May 16, 2019, Cambridge Estates filed a Motion to Quash Garnishment
17 asserting that monies held by the Maricopa County Sherriff's Office were its
18 exclusive property and not that of its counsel, Judgment Debtors Cannon and
19 Cannon Law Firm. [Doc. 42] Cambridge Estates requested an evidentiary hearing
20 and attached a copy of a state court judgment that led to a monetary deposit to satisfy
21 the judgment and additional monies that were procured through an act of fraud by
22 the Judgment Debtors. Cambridge Estates requested an evidentiary hearing. That
23 same day, Judgment Debtors, also counsel for Cambridge Estates, filed a nearly
24 identical objection asserting that all garnished monies belonged to Cambridge
25 Estates as part of a state court judgment. [Doc. 40] Neither provided this Court the
26 writ of special execution demonstrating that an additional $2,920, the amount

2

1  sought for garnishment, was never reviewed by a court, ordered by a court, or
2  included in any state court judgment. [Doc. 45, attached exhibit 2]

3       Plaintiff responded to those objections outlining that it sought only $2,920 in
4  garnishment that was never part of the state court judgment. [Doc.'s 45, 47] This
5  Court can and should note that Cambridge Estates and Cannon could have then
6  withdrawn their objections leaving Plaintiff entirely satisfied as to the request. Thus,
7  every expense came about because of their continued objections and insistence on an
8  evidentiary hearing.

9       Plaintiff prepared for the set evidentiary hearing on June 11, 2019, [Doc. 46],
10 that was then set for August of this year to accommodate necessary discovery, [Doc.
11 50]. To pierce the accounting claims of Cambridge Estates and Cannon, Plaintiff
12 submitted interrogatories and requests for production of documents. [Exh.'s B, C]
13 Plaintiff also submitted a subpoena duces tecum to the management company for
14 Cambridge Estates who, upon later discovery, held drastically different accounting
15 ledgers demonstrating that a great deal more of the state court judgment appeared
16 to be hidden fees for Cannon, not damages allegedly owed Cambridge Estates. [Exh.'s
17 D, E, F] Plaintiff also subpoenaed the prior community manager for deposition to
18 review that accounting. [Exh. G]

19      Within twenty-four hours of receiving a copy of correspondence from Plaintiff's
20 counsel insisting on disclosure of information about the fee arrangements between
21 Cannon and Cambridge Estates, [Exh. H], they both withdrew their motions to
22 quash and objections to the garnishment. With no support for the request,
23 Cambridge Estates moved this Court to quash all outstanding discovery, which
24 again, required them to disclose the accounting between them to disclose amounts
25 that actually belonged to Cannon.

26

1    On July 2, 2019, this Court granted the motions to withdraw the pleadings
2  that led to that preparation and outstanding discovery. The Writ of Garnishment
3  was subsequently fulfilled to the exact amount outlined by Plaintiff in response to
4  the original objections and motion to quash. By any definition, when Plaintiff
5  obtained every sought dollar in the requested garnishment, Plaintiff became the
6  prevailing party. Further, as outlined already and again below, Plaintiff suffered bad
7  faith objections, obstructions, and resulting excessive costs that also entitle Plaintiff
8  to an award of fees and costs pursuant to Arizona statute, independent court
9  authority, and federal statute.

10
11
**II.   PLAINTIFF IS AUTHORIZED AN AWARD BY INHERENT FEDERAL COURT AUTHORITY, FEDERAL STATUTE, AND ARIZONA STATUTE.**

12    Federal courts have inherent authority to award attorneys' fees "to a successful
13  party when his opponent has acted in bad faith, vexatiously, wantonly, or for
14  oppressive reasons . . . ." *F. D. Rich Co., Inc. v. U. S. for Use of Indus. Lumber Co.,*
15  *Inc.*, 417 U.S. 116, 129 (1974); *Kendrick v. Zanides*, 609 F. Supp. 1162, 1173 (N.D.
16  Cal. 1985). Federal courts may order those sanctions joint and several between the
17  attorney and client engaging in that conduct. *Bd. of Trustees of Ret. Fund Tr. of*
18  *Plumbing, Heating, & Piping Indus. of S. California v. W. States Mech., Inc.*, 47 F.3d
19  1175 (9th Cir. 1995); *Kendrick v.*, 609 F. Supp. at 1173. Courts find bad faith if an
20  attorney "knowingly or recklessly raises a frivolous argument" and also by "delaying
21  or disrupting the litigation or hampering enforcement of a court order." *E.g.*, *Primus*
22  *Auto. Fin. Services, Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997). Courts
23  imposing attorneys' fees pursuant to their inherent sanctions power include also the
24  time spent preparing the motion requesting the fees. *Tesoro Ref. & Mktg. Co. v.*
25  *California Finest Oil*, 12-CV-1312-WVG, 2016 WL 4269517, at \*\*4, 7 (S.D. Cal. Aug.
26  15, 2016). By federal statute as well, federal courts are authorized to award against

4

1 counsel the payment of costs, expenses, and attorneys' fees reasonably incurred as a

2 result of attorney conduct that "so multiplies the proceedings in any case

3 unreasonably and vexatiously." 28 U.S.C.A. § 1927. A court must find bad faith to

4 impose those statutory sanctions against counsel, with "bad faith [] assessed under

5 a subjective standard and knowing or reckless conduct meets the standard." *Pozez v.*

6 *Ethanol Capital Mgmt., LLC*, CV-07-00319-TUC-CKJ, 2013 WL 12095669, at \*6 (D.

7 Ariz. July 15, 2013).

8      Arizona statute governing these proceedings also authorizes the court to award

9 costs and reasonable attorney fees to the prevailing party. A.R.S. § 12-1580(E). The

10 statute provides no necessary threshold findings for imposition of fees and costs

11 against an objecting party that is not the judgment debtor. *Id*. Courts may award

12 costs and attorney fees against judgment debtors upon a finding that they "objected

13 to the writ solely for the purpose of delay or to harass the judgment creditor." *Id*.

14      In this matter, each threshold for an award is met. Cannon and Cambridge

15 Estates each filed separate objections to the writ of garnishment and requested

16 evidentiary hearings with identical allegations that they held a burden to prove. "The

17 money being held belongs to Cambridge, not its attorney." [Mot. to Quash and

18 Request for Hearing, Doc. 42, at 2; Objection to Garnishment, Doc. 40, at 2.] The

19 amount sought to be garnished was partly the amount of a judgment obtained

20 through default against a homeowner by Cannon representing Cambridge Estates.

21 As now documented, $2,920 was an amount surreptitiously included in a Writ of

22 Special Execution filed by Cannon in that matter and submitted to the Maricopa

23 County Sheriff's Office as an amount allegedly due. [Resp. to Objection, Doc. 45, at

24 2-3] Cannon expressly labeled that amount with vagueness, "costs to date." [*Id*. at

25 3:2-3] At that time, Plaintiff could only assert upon information and belief that the

26 documents being obtained demonstrated that Cannon and Cambridge Estates were

5

mislabeling alleged amounts due to Cambridge Estates what were instead sought fees for Cannon. [Doc. 45, at 6:20-7:17]

Through subpoena duces tecum, undersigned counsel compiled the documentation to demonstrate that Cannon and Cambridge Estates have been mislabeling substantial amounts as specific money debts owed Cambridge Estates that were both (1) not owed and (2) that were instead sought fees for Cannon. [Exh.'s E, F] Plaintiff's counsel had to write additional correspondence to obtain complete compliance from the company attempting to withhold the agreements and invoices between Cannon and Cambridge Estates. It was upon receipt of that documentation demonstrating the discovery of hidden fees that Cannon and Cambridge Estates abruptly and without explanation withdrew an objection to garnishment for money that they emphatically asserted to this Court both in paper filings and as a demand for an evidentiary hearing was Cambridge Estates' money not subject to garnishment. Telling of their bad faith in requesting a hearing upon an assertion of money ownership, the withdrawal of the objections provided no explanation for the withdrawal but provided a laundry list of sought discovery that they requested this Court quash as allegedly "improper" (without providing any explanation for that assertion). Cambridge Estates and Cannon were also only two weeks away from the deadline to provide responses to interrogatories and requests for production that would require full accounting underlying the obtained state court judgment including a breakdown of the money earmarked for him. [Exh.'s B, C]

Worse, this demonstrates that Cambridge Estates and Cannon omitted from this Court's attention at the time of objection and requesting a hearing that thousands more alleged as the property of Cambridge Estates were instead fees earmarked for Cannon that might be subject to garnishment. Alleged monies owed Cambridge Estates have only been assertedly so based on the words of Cannon

supported by his client's continued withholding of documents. Documents now prove that to be false and the source of a great deal of misconduct. That was to be their intended presentation to this Court in support of an attempt to recoup $2,920 upon an allegation that they belong to Cambridge Estates. There was no good faith basis for that assertion now documented as part of proof that thousands more in that state court judgment was secretly earmarked for Cannon but presented to the Court as owed debts to Cambridge Estates.

Bad faith meeting federal standards is demonstrated by the non-meritorious objections masking fee ownership in this matter, and that the limited garnishment sought was wrongfully extended at expense for months until the parties withdrew their objections with an emergency request to stop any further look into their accounting. The work in this case was all necessitated by those objections and demand for an evidentiary hearing. Even work on July 2, 2019 was committed to trying to file an expedited response to Cambridge Estates' Motion to Quash discovery to continue the masking of Cannon's sought funds. That was to outline that post-judgment discovery is not restricted to that specific item of sought garnishment. For example, courts have enforced discovery issued ten years after entry of judgment to enforce a creditor's "freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor." *U.S. v. Warren*, 2:99-CV-814-DFL-JFM, 2011 WL 3319877, at *2 (E.D. Cal. July 29, 2011) (internal quotation marks omitted).

As the unexplained objection withdrawals demonstrate, this matter should have concluded with fulfillment of the sought garnishment months ago. Plaintiff notified the parties and court of the limited $2,920 sought. Cambridge Estates and Cannon instead fought until seeing that the produced information would uncover their fraudulent accounting underlying the objections and more masked funds

1  subject to garnishment. This was bad faith and for delay qualifying for awards of
2  fees and costs pursuant to federal law and Arizona statute.

3  **III.   THE REQUESTED FEES AND COSTS ARE REASONABLE.**

4       Federal courts use the traditional lodestar method for determining the amount
5  to award as reasonable attorney fees. The first-step of that process is calculating "the
6  number of hours reasonably expended on the litigation multiplied by a reasonable
7  hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433, (1983). The second step of the
8  process is review of factors identified in prior Ninth Circuit precedent not already
9  subsumed in the lodestar calculation for possible upward or downward departure or
10 rejected by subsequent precedent. *Yahoo!, Inc. v. Net Games, Inc.*, 329 F. Supp. 2d
11 1179, 1182 (N.D. Cal. 2004). Arizona courts are granted discretion in factors to
12 consider for determination of reasonable attorney fees, with many similar to the
13 factors within the traditional lodestar step of determining reasonable expense at a
14 reasonable hourly rate. *Schweiger v. China Doll Rest., Inc.*, 138 Ariz. 183, 187, (App.
15 1983). Calculations made pursuant to the lodestar method are presumptively
16 reasonable under Arizona law. *Flood Control Dist. of Maricopa County v. Paloma*
17 *Inv. Ltd. P'ship*, 230 Ariz. 29, 50, ¶ 85 (App. 2012). In the determination of an award
18 of sanctions attorney fees, courts consider the time and expense a party is put to in
19 addressing the sanctionable conduct. *Bal Seal Eng'g, Inc. v. Nelson Products, Inc.*,
20 813CV01880JLSKESX, 2018 WL 6258877, at \*5 (C.D. Cal. Feb. 12, 2018); *Roberts v.*
21 *City of Phoenix*, 225 Ariz. 112, 123, ¶ 39 (App. 2010).

22      Undersigned counsel acted as lead counsel in this post-judgment garnishment
23 matter. Undersigned counsel is a 2001 honors graduate of the Arizona State
24 University College of Law. [Exh. A] Mr. Wood spent the first two years of his career
25 clerking for the Arizona Court of Appeals and Arizona Supreme Court, and the
26 subsequent sixteen years as a litigation attorney. [*Id.*] Three hundred dollars per

1  hour is his customary hourly fee and has been for nearly the past year and a half.

2  [*Id.*] The fluctuation in that fee is because counsel has often voluntarily discounted

3  that fee prior to 2019 to enable representation of clients lacking necessary means to

4  vindicate their rights or to reach appropriate hybrid contingent fee agreements. [*Id.*]

5  That three-hundred-dollar amount is less than the $350 hourly rate charged by the

6  Judgment Creditor who has less experience than undersigned counsel. [*Id.*, Exh. I]

7      Mr. Wood's hourly rate is also within the reported hourly rate of plaintiff

8  litigation counsel in 2013. [Exh. A] Mr. Wood's hourly rate reflects his experience

9  and training in contested hearing litigation. The fee agreement in this matter

10 includes that rate and rates even higher for attorney work involving attorneys with

11 Mr. Wood's experience. [*Id.*]

12     The reasonableness of the attorneys' fees is further supported by review of

13 three matters. First, the billing records attached to the Affidavit of Counsel

14 demonstrate that the expenses before June 30th derive exclusively in meeting the

15 withdrawn claim that the sought money belonged to Cambridge Estates and not

16 Cannon. Undersigned counsel devoted time to presenting this Court with withheld

17 information negating that claim and obtaining discovery to further negate it. That

18 required submission of pleadings to the court with inclusion of exhibits

19 demonstrating the opposite. That required preparation for an evidentiary hearing

20 and then the drafting and submission of discovery materials to rebut the claim of

21 Cambridge and Cannon. *Roberts*, 225 Ariz. at 123, ¶ 39 (rejecting challenge to

22 attorneys' fees where "the City is contesting the reasonableness of hours that the

23 City forced [Roberts'] attorneys to incur due to the unreasonableness of the City's

24 conduct in this matter"). Time was expended researching and drafting a response to

25 Cambridge Estates' last-minute Motion to Quash discovery, to outline that the

26 withdrawal of the objections did not independently support that Motion to uncover

the extent of hidden debtor funds that was the point of discovery. And time was spent researching and drafting the instant motion with the varying bases for an award of attorneys' fees and the many supporting exhibits.

Second, this Court will see on those time entries the participation and assistance of counsel Jonathan Dessaules with decisions in this case. As an act of discretion, that time was not billed and is not being requested from this Court. Further, Plaintiff voluntarily offered Cambridge Estates and Cannon a compromise to agree upon $7,500 in awarded attorneys' fees. [Exh. J] Plaintiff's counsel also outlined for them the various bases for an award against their unexplained response that fees are simply not available. Plaintiff first rejected that offer upon an incorrect legal assertion and then agreed to reconsider it on dates after the deadline for this filing. [*Id*.]

Third, Plaintiff ended up in the exact position sought all along and noticed to the parties, with garnishment of $2,920. [Exh. K] While that may come across as a small amount, this Court can consider that this is a continuing effort to recoup owed monies by the Judgment Debtors and that the fees and costs expended were and are necessitated by the now demonstrated accounting trickery. That made this proceeding factually unique against the parties' undescribed claims of money ownership. An award of attorneys' fees is also necessary to deter that conduct, which ironically, was the very conduct at the heart of the original FDCPA violations in this matter. [Doc. 1, ¶ 20]

**IV.    CONCLUSION.**

The parties were before this Court because the Judgment Debtor owes a substantial sum for a stipulated judgment and award of attorneys' fees in a case alleging violations of the Fair Debt and Credit Reporting Act for attempting to obtain through claimed debts instead unawarded attorney fees. The objection, now

withdrawn without explanation left Plaintiff with its originally sought award, and a $13,000 expense. An award of all attorneys' fees expended, including for preparation of this Motion, is warranted for addressing these bad faith objections.

DATED this 16th day of July 2019.

DESSAULES LAW GROUP

By /s/ David E. Wood
  Jonathan A. Dessaules
  David E. Wood
  *Attorney for Plaintiff/Judgment-Creditor*

11

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2019 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and for transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

Sean Cannon
CANNON LAW FIRM, PLLC
4300 North Miller Road, #110
Scottsdale, AZ 85251
sean@azcannonlaw.com
*Attorney for Defendants*
*Attorney for Cambridge Estates*
*Homeowner's Association*


 /s/ Valerie Kennedy