**WO**

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Susan Pearson,<br><br>                    Plaintiff,<br><br>v.<br><br>Sean Cannon, et al.,<br><br>                    Defendants. | No. CV-16-02721-PHX-DJH<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Award of Attorneys' Fees and Costs, filed in association with a garnishment that was initiated to collect on the 2017 judgment in this matter (Doc. 59). Defendants Sean Cannon and Cannon Law Firm, PLLC (collectively "Cannon") filed a Response (Doc. 61), as did non-party Cambridge Estates Homeowners Association ("Cambridge Estates") (Doc. 60). Plaintiff, Susan Pearson, filed a Consolidated Reply to the Responses of Cannon and Cambridge Estates (Doc. 62).

## I.      Background

Plaintiff brought this action against Cannon in August 2016, alleging violations of the Fair Debt Collections Practices Act. (Doc. 1). On March 2, 2017, the Parties filed a Stipulation for Entry of Judgment in Plaintiff's favor in the amount of $1,025.00. (Doc. 26). This Court approved the Stipulation and entered judgment in favor of Plaintiff and against Defendants for $1,025.00, plus interest at the rate of .66% per annum from the date of the Judgment until paid in full. (Doc. 27). Plaintiff subsequently filed a Motion for Award of Attorneys Fees (Doc. 28), which this Court granted in the amount of $13,335.00

(Doc. 33). The Clerk of Court then entered judgment in favor of Plaintiff and against Defendants for the $13,335.00 in attorneys' fees. (Doc. 34). The Clerk also entered a Judgment on Taxation of Costs for $1,516.12. (Doc. 32). On June 28, 2017, Plaintiff filed a Notice of Satisfaction of Stipulated Judgment, stating that the $1025.00 stipulated judgment had been satisfied, but that the Judgments for Attorneys' Fees and Costs had not yet been satisfied. (Doc. 35).

On May 2, 2019, Plaintiff applied for a writ of garnishment for monies in the possession of garnishee, Maricopa County Sheriff's Office (the "County"), that were being "held on behalf of" Cannon. (Doc. 36). The Application for Writ of Garnishment stated that the judgment for taxation of costs, plus the attorneys' fees judgment, totaled $14,851.12 and that the total amount of the outstanding judgments, including interest, was $15,145.04 (Doc. 36). The Application for Writ of Garnishment also stated that Plaintiff had "good reason to believe, and therefore alleges," that the County had in its possession non-exempt monies and/or personal property belonging to Cannon. (Doc. 36 at 2). A Writ of Garnishment was issued to the County, again identifying a total amount owed of $15,145.04. (Doc. 38).

In the County's Answer to the Writ of Garnishment, the County stated that it "received $16,287.89 on May 16, 2019 for judgments arising out of Maricopa County Superior Court cause number CV2018-007526." (Doc. 39 at 2). The Answer further stated that "$12,707.33 of this amount is owing to the Judgment Debtor, Sean Cannon" and that "$2,920.00 is withheld from [Cannon] for attorney's fees that [Cannon] alleged occurred but have not been awarded by the Superior Court." (Doc. 39 at 2). The County stated that it would hold the funds pending an order from the Federal Court. (Doc. 39 at 2).

On May 16, 2019, Cannon filed an Objection to Garnishment, Request to Quash Garnishment, and Request for Hearing. (Doc. 40). In this Objection, Cannon stated that the funds being held by the County did not belong to Cannon, but instead belonged to Cannon's legal client, Cambridge Estates. (Doc. 40 at 1-2). Cannon further stated that the funds were in the possession of the County as a result of a foreclosure judgment in

Maricopa County Superior Court case number CV2018-007526, *Cambridge Estates Homeowners Association v. Dung Ta*. (Doc. 40 at 2). Cannon attached a copy of the judgment in that case, which shows that the named plaintiff was Cambridge Estates and that Cannon was the attorney for Cambridge Estates. (Doc. 40-1). Non-party Cambridge Estates, still represented by Cannon, similarly filed a Motion to Quash Garnishment and Request for Hearing. (Doc. 42). That Motion to Quash Garnishment also objected to the garnishment on the basis that the "money being held belongs to Cambridge, not its attorney." (Doc. 42 at 2).

In Plaintiff's May 23, 2019, Response to the Motions to Quash, Plaintiff stated that she "filed a Writ of Garnishment seeking $2,920 that is not part of any state court judgment and that belongs to [Cannon]." (Doc. 45 at 1). Plaintiff also stated that there was an existing state court judgment that awarded $12,707.33 to Cambridge Estates and that the "Writ of Garnishment does not seek those funds." (Doc. 45 at 2). Plaintiff's Response then details alleged flaws in the $2,920.00 of additional costs in the Maricopa County Superior Court case between Cambridge Estates and Dung Ta. Specifically, Plaintiff alleged that the $2,920.00 in costs was obtained in violation of state and federal law and in violation of court order. (Doc. 45 at 3-5). Plaintiff further alleged that the $2,920.00 was "part of a pattern of Cannon procuring or seeking personal funds disguised as amounts due to clients." (Doc. 45 at 5). Plaintiff next asserted that "[Cannon] is using the Writ in the Ta case to collect what he believes he is entitled to above and beyond the fees awarded in the Judgment in the Ta case. As the $2,920 is earmarked to go to Cannon, it is clearly subject to garnishment." (Doc. 45 at 8). Plaintiff then acknowledged that an evidentiary hearing "may be appropriate" and stated that discovery regarding the accounting of both Cannon and Cambridge Estates is necessary. (Doc. 45 at 8).[1]

---

[1] Plaintiff's extensive familiarity with the Maricopa County Superior Court case between Cambridge Estates and Dung Ta apparently arises from the fact that Plaintiff's counsel also represents Dung Ta in that matter. (Doc. 45-1 at 24). Indeed, in Plaintiff's Response to the Objection to the Garnishment, Plaintiff states that *"[g]iven the experience that Plaintiff's firm has had* in which Cannon has withheld critical and material documents against the mandates of Arizona Statute and the Arizona Rules of Civil Procedure, Plaintiff requests that this Court schedule the evidentiary hearing sixty days from the date of the

- 3 -

The Objection to Garnishment was referred to Magistrate Judge John Boyle (Doc. 44), who scheduled a garnishment hearing for June 11, 2019 (Doc. 46). At the June 11, 2019, hearing, an evidentiary hearing was scheduled for August 19, 2019. (Doc. 50). The Court also stated that Plaintiff "may serve limited discovery on [Cannon]" prior to the evidentiary hearing. (Doc. 50 at 2).

On June 29, 2019, Cannon and Cambridge Estates withdrew their Objections and Motions to Quash Garnishment "as to the $2,920.00 at issue in the garnishment action." (Doc. 57 at 1). Cannon and Cambridge Estates also requested that the evidentiary hearing be cancelled and that all post-judgment discovery actions relating to Cambridge Estates be quashed because Cambridge Estates "has no connection to the above matter in any way whatsoever." (Doc. 57 at 2). This Court granted the Motion to Withdraw, vacated the August hearing, and ordered that all post-judgment discovery shall cease. (Doc. 58). On or around July 3, 2019, the County released the $2,920 to Plaintiff and released the remainder of the garnished $16,287.89 to Cannon in trust for Cambridge Estates. (Doc. 59-4 at 57-58).

On July 16, 2019, Plaintiff filed the Motion for Award of Attorneys' Fees and Costs, seeking $13,860.00 in fees and $549.80 in costs. (Doc. 59; Doc. 59-1 at 4).

**II.    Analysis**

Plaintiff asserts that she is entitled to fees for this garnishment based upon this Court's inherent authority to sanction actions taken in bad faith; based upon 28 U.S.C. § 1927, which provides that an attorney can be required to personally satisfy excess costs caused by the attorney "unreasonably and vexatiously" multiplying the proceedings; and based upon A.R.S. § 12-1580(E), which provides for an award of fees when an objection to garnishment is made "solely for the purpose of delay or to harass the judgment creditor." (Doc. 59 at 1, 4). In support of this position, Plaintiff asserts that "[b]ecause of the actions of Cambridge Estates and Cannon, Plaintiff was required to compile and file lengthy

court conference to build in the inevitable discovery conferences that will arise in this matter." (Doc. 45 at 9 (emphasis added)). Plaintiff then states that Plaintiff can have all written discovery ready to present to the management company of Cambridge Estates within three business days of the Court's conference. (*Id.*).

responses with detailed exhibits demonstrating their fraudulent accounting, prepare for a potential evidentiary hearing, and draft and submit discovery demands and subpoenas all to get information that Defendants have been hiding in two other proceedings in efforts to mask that the sought funds by [Plaintiff] masked as debts to Cambridge Estates." (Doc. 59 at 2). Plaintiff also alleges that, because it only sought $2,920 in the garnishment and because Cannon and Cambridge Estates eventually withdrew their objections to the garnishment of that amount, the initial objections were made in bad faith or solely for the purpose of delay or harassment. (Doc. 59, Doc. 62).

In response, Cannon and Cambridge Estates both assert that the original amount stated in the Writ of Garnishment was $15,145.04, which is far greater than the $2,920.00 to which Cannon and Cambridge Estates ultimately withdrew their objection. (Doc. 60 at 2, Doc. 61 at 2-3). Cannon and Cambridge Estates also argue that they did not act in bad faith or solely to delay or harass because the garnishment was issued against money that belonged to Cambridge Estates, a non-party client of Cannon's; they explain that, because the money did not belong to Cannon (the Defendant and Judgment Debtor), but instead belonged to Cambridge Estates (whose only connection to this matter is that it is represented by Cannon), it would not be proper to garnish the money. (Doc. 60, 61). Cannon and Cambridge Estates also state that they withdrew their objections to the garnishment of the $2,920.00 once it became clear at the hearing before Judge Boyle that Plaintiff was only seeking to garnish $2,920.00, not the original $15,145.04 stated in the Writ of Garnishment. (*Id.*).

Under Rule 69 of the Federal Rules of Civil Procedure, when there is a money judgment, "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1). Arizona Revised Statute § 12-1570 et seq. addresses garnishment procedure in Arizona. Section 12-1580, regarding objections to garnishment, identifies the limited circumstances under which a party may recover costs and attorneys' fees in a garnishment proceeding:

> The prevailing party may be awarded costs and attorney fees in a reasonable amount determined by the court. The award shall *not* be assessed against nor is it chargeable to the judgment debtor, *unless* the judgment debtor is found to have objected to the writ *solely for the purpose of delay or to harass the judgment creditor.*

Ariz. Rev. Stat. Ann. § 12-1580(E) (emphasis added). This statute is the "exclusive avenue for recovering fees in a garnishment proceeding." *Ironwood Commons Community Homeowners Assoc., Inc. v. Randall*, 439 P.3d 1193, 1198 (Ariz. Ct. App. 2019); *Blum v. Cowan*, 330 P.2d 961, 966 (Ariz. Ct. App. 2014) (stating that the statute provides for the exclusive means to obtain attorneys' fees for garnishments). Therefore, based on this statute, Plaintiff may only recover costs and fees for the garnishment if Defendant objected to the writ solely for the purpose of delay or to harass the judgment creditor.

Here, Plaintiff presents a myriad of allegations regarding Cannon's relationship with his client, Cambridge Estates, as well as Cannon's alleged efforts to hide the terms of their fee agreement. (Doc. 62 at 4). Plaintiff's allegations, however, are insufficient to establish that Cannon and Cambridge Estates objected to the garnishment "solely" to delay or to harass Plaintiff. There does not seem to be a dispute that, of the more than $15,000 that was garnished, only $2,920 was properly subject to the garnishment. The Application for Writ of Garnishment and Affidavit in Support of Application for Writ of Garnishment only mentioned the $14,851.12 owed. (Doc. 35, Doc. 37). The Application for Writ of Garnishment also broadly stated that the County "is holding non-exempt monies on behalf of [Cannon]" and that the "amount of the outstanding judgments [including interest]. . . is $15,145.04." (Doc. 36 at 2). Based on the Writ of Garnishment and the fact that the garnished amount included a substantial amount of money that ultimately belonged to Cambridge Estates, not to Defendant/Judgment Debtor Cannon, the objections filed by Cannon and Cambridge Estates were not made "solely for the purpose of delay or to harass the judgment creditor." *See* Ariz. Rev. Stat. § 12-1580(E).

Plaintiff argues that it is nonetheless entitled to fees because it clarified that it was only seeking the $2,920.00 as early as its Response to the Objections that it filed on May 23, 2019 (Doc. 62 at 6 (citing Doc. 45 at 2)). Therefore, according to Plaintiff, because

Cannon and Cambridge Estates did not withdraw their objections as to the $2,920.00 until June 29, 2019, Cannon and Cambridge Estates demonstrated an intent to delay, as well as bad faith. (Doc. 62 at 6-7). Arizona Revised Statute § 12-1580(E) is silent regarding the timing of any obligation to withdraw objections regarding a portion of garnished funds. Rather, § 12-1580(E) simply authorizes a fee award if a party objects to the garnishment solely for purposes of delay or harassment. As discussed above, because the amount garnished included a substantial amount that belonged to Cambridge Estates, not to the judgment debtor Cannon, the Court cannot conclude that the objection was improper or was solely for purposes of delay or harassment.[2]

Plaintiff further argues that the heightened "solely for the purpose of delay or to harass" standard in § 12-1580(E) does not apply to Cambridge Estates because the statute only refers to the judgment debtor's objection and Cambridge Estates is a third party, not the judgment debtor. (Doc. 62 at 9-10). Therefore, Plaintiff argues, the Court need not find an intent to delay or harass before it awards fees against Cambridge. The Court declines to do so; Cambridge Estates is not the judgment debtor and rightfully objected to a garnishment of its funds.

The Court also declines to award fees based upon its authority to sanction bad faith actions or its authority to award fees based on counsel unreasonably and vexatiously multiplying the proceedings. First, Arizona case law states that, within the context of a garnishment proceeding, § 12-1580(E) is the "exclusive avenue" for recovering fees. *Ironwood Commons*, 439 P.3d at 1198. Second, assuming that this statute does not impact the Court's authority to award fees based upon bad faith or unreasonable and vexatious

---

[2] Consistent with this, Arizona statute provides that, if a bank account being held in more than one name is garnished, there needs to be a "determination of the interest of the judgment debtor" to that account. Ariz. Rev. Stat. § 12-1595(C). Following this determination and upon entry of an order, the garnishee shall release all impounded funds, except those belonging to the judgment debtor. Ariz. Rev. Stat. § 12-1595(D). Although the present case does not involve a joint bank account, but instead involves a judgment primarily owed to the Defendant/Judgment Debtor's client, the situation is analogous because the garnished funds did not belong solely to the judgment debtor. Therefore, the first step in the proceeding would necessarily be to determine which funds were subject to garnishment; this further indicates that the initial objection was appropriate.

conduct, the initial amount garnished far exceeded the $2,920.00 that could be attributed to Cannon, thus necessitating some degree of response. Third, Cannon and Cambridge Estates withdrew their objections approximately seven weeks before the scheduled evidentiary hearing and less than three weeks after the initial hearing before Judge Boyle. Although this withdrawal could have occurred sooner, it occurred sufficiently prior to the scheduled hearing to suggest that the original delay was not due to bad faith or an effort to unreasonably and vexatiously multiply the proceedings. Accordingly, the Court declines to award fees on this basis.

Finally, Plaintiff makes many allegations regarding bad faith by Cannon and Cambridge Estates, including the allegations that "they hide from notice that Cambridge Estates has assigned monies to Cannon that they both do not notify courts of" (Doc. 62 at 8) and that, "[i]n separate proceedings, undersigned counsel was able to obtain the fee agreement" between Cannon and Cambridge Estates, which allegedly demonstrates that Cambridge Estates assigns Cannon awards of attorneys' fees and authorizes Cannon to "convert to themselves homeowners payments." (Doc. 62 at 9). The only issue presently before the Court, however, is whether an award of attorneys' fees is appropriate based upon Cannon and Cambridge Estates's objection to the garnishment. Because there was reason to object to the garnishment, the allegations of wide-ranging bad faith across multiple legal actions do not impact the Court's analysis regarding the award of attorneys' fees for objecting to the garnishment. Although this Court is gravely troubled by Cannon's apparent failure to fully satisfy the 2017 judgment in this matter, that failure is also not at issue in this fee application and accordingly cannot be used to justify a fee award for this garnishment, particularly considering the limited circumstances under which Arizona law authorizes such an award.

…

…

…

…

### III.     Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion for Award of Attorneys' Fees and Costs for the Garnishment Proceeding (Doc. 59) is denied.

Dated this 27th day of March, 2020.

Honorable Diane J. Humetewa
United States District Judge